UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**FIRST MUTUAL GROUP, LP,**

      **Plaintiff,**

**v.**                                                     **Case No:   6:14-cv-1758-Orl-41KRS**

**CHUCK A. MELTON,**

      **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration sua sponte based upon the Court's review of the case for subject-matter jurisdiction. The United States Court of Appeals for the Eleventh Circuit has instructed district courts "to initiate an inquiry into our subject-matter jurisdiction whenever we become concerned that it may not exist." *Gilchrist v. State Farm Mut. Auto. Ins. Co.*, 390 F.3d 1327, 1330 (11th Cir. 2004) (citations omitted).

In the present case, Plaintiff First Mutual Group, LP filed a complaint against Defendant Chuck A. Melton alleging breach of contract and negligence. Doc. No. 1. Plaintiff contends that this Court has jurisdiction pursuant to 28 U.S.C. § 1332, which provides district courts with subject-matter jurisdiction over all civil actions in which the matter in controversy exceeds $75,000.00 and the parties are citizens of different states. *Id.* ¶ 3; *see also* 28 U.S.C. § 1332(a)(1).

The factual allegations of the complaint are insufficient to establish diversity of citizenship. An unincorporated entity, such as a limited liability company or partnership is a citizen of every state in which each of its members or partners is a citizen. *Rolling Greens MHP, L.P. v. Comcast*

*SCH Holdings L.L.C.*, 374 F.3d 1020, 1021-22 (11th Cir. 2004); *see also Shtark Inv. Grp., LLC v. Neviot Nature of Galilee Ltd.*, No. 6:12-cv-1365-Orl-37-KRS, 2013 U.S. Dist. LEXIS 38496, *2-3 (M.D. Fla. Feb. 19, 2013), *report and recommendation adopted*, 2013 U.S. Dist. LEXIS 38495 (M.D. Fla. Mar. 20, 2013) (applying the same rule to a limited liability company organized under the laws of a foreign country). In its complaint, Plaintiff alleges that it is a Delaware limited partnership and that its members are Alternative Capital Strategies, LP ("ACS") and First Mutual Group, GP LLC ("FMG"). Doc. No. 1 ¶ 1. Plaintiff further alleges that ACS is a British limited partnership and that FMG is a Delaware limited liability company. *Id.* Without also identifying the partners of ACS and the members of FMG these allegations are insufficient to establish the citizenship of Plaintiff.

On October 29, 2014, I entered an Order to Show Cause why this case should not be dismissed for lack of subject-matter jurisdiction. Doc. No. 4. In that order, I directed Plaintiff to file a response identifying each partner of ACS, and each member of FMG, and the citizenship of each partner or member. *Id.* at 2. If any partner of ACS or member of FMG is itself an entity, Plaintiff was required to provide sufficient information for the Court to determine the citizenship of that entity in accordance with the principles set forth in the order and governing law. I also instructed Plaintiff that its response should be supported by evidence in the form of an affidavit or declaration under penalty of perjury. *Id.*

On November 4, 2014, Plaintiff filed its amended certificate of interested persons and corporate disclosure statement (Doc. No. 7) (the "Disclosure"). Plaintiff did not otherwise respond to the Order to Show Cause. In the Disclosure Plaintiff states:

> Plaintiff First Mutual Group, LP is a Delaware Limited Partnership. The sole limited partner of Plaintiff is Alternative Capital Strategies, LP and its general partner is First Mutual Group GP, LLC.

> Alternative Capital Strategies LP is a British limited partnership. Its general partner is ACS General Partner Limited, a company incorporated in England and Wales. Its limited partners consist of individuals T. J. Lander, L. J. Foad, E. Caldwell, D. Caldwell, H. M. Skirton, M. J. Rawson, B. I. F. Rogers, M. H. Williams, L. G. Cristofides, D. Holt and L. Young, all of whom reside in and are citizens of the United Kingdom, Tim Peters Associates Limited, a British corporation, and IPM - Personal Pension Trustees, a British trust, whose trustee is IPM Personal Pension Trustee Limited, a British corporation.
>
> First Mutual Group GP LLC is a Delaware limited liability company. Its sole member is Alternative Capital Strategies LP.

Doc. No. 7 at 1-2.

The Disclosure was insufficient to establish Plaintiff's citizenship. Defective jurisdictional allegations may be cured by amending the allegations of the complaint. *See* 28 U.S.C. § 1653. Alternatively, defective jurisdictional allegations can be overcome with record evidence. *See Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269-70 (11th Cir. 2013). Nonetheless, unsworn statements made by counsel in a brief are not evidence which can be relied upon to cure defective allegations unless they are made under the penalty of perjury. *Id*; *see also* 28 U.S.C. § 1746 (An unsworn declaration made under penalty of perjury has the same evidentiary value as a sworn statement.). Among other deficiencies, the Disclosure was not in the form of an affidavit or declaration under penalty of perjury. Therefore, on November 20, 2014, I issued a Second Order to Show Cause why this case should not be dismissed for lack of subject-matter jurisdiction. Doc. No. 9. In the Second Order to Show Cause I directed Plaintiff to respond with evidence establishing the citizenship of Plaintiff and I instructed Plaintiff (for a second time) that this evidence should be in the form of an affidavit or declaration under penalty of perjury. *Id.* at 3.

Plaintiff responded to the Second Order to Show Cause with a certification of counsel signed by Henry N. Portner, Esq. Doc. No. 12 (the "Certification"). In the Certification Mr. Portner states:

1. First Mutual Group, LP is a Delaware Limited Partnership.  The sole limited partner of Plaintiff is Alternative Capital Strategies, LP and its general partner is First Mutual Group GP, LLC[;]

2. The sole member of First Mutual Group GP LLC is Alternative Capital Strategies LP[;]

3. Alternative Capital Strategies LP is a British limited partnership.  Its general partner is ACS General Partner Limited, a company incorporated in England and Wales[;]

4. Its limited partners consist of individuals T.J. Lander, L.J. Foad, E. Caldwell, D. Caldwell, H.M. Skirton, M.J. Rawson, B.I.F Rogers, M.H. William, L.G. Cristofides, D. Hold and L. Young, all of whom reside in and are citizens of the United Kingdom.  Tim Peter Associate Limited is a British Corporation and whose address is its principal place of business is Kintyre House, 70 High Street, Fareham, Hampshire UK PO167BB.  And IPM Personal Pensions Trustee, a British Trust whose trustee is IPM Personal Pension Trustee Limited, a British Corporation with its principal place of business and address at Cambridge House, Unit B, Campus Six, Caxton Way, Stevenage, Hertfordshire, United Kingdom SG12XD.

Doc. No. 12 at 1-2.  The Certification, like the Disclosure, was not in the form of an affidavit or declaration under penalty of perjury.  Accordingly, Plaintiff has failed to resolve the jurisdictional deficiencies concerning its own citizenship.

Even if the information submitted in the Disclosure and Certification was submitted through an affidavit or declaration under penalty of perjury, it is still insufficient in two respects.  First, the information indicates that the general partner of ACS is ACS General Partner Limited, a company incorporated in England and Wales.  However, a corporation's citizenship is determined by the state in which it is incorporated and the state in which it has its principal place of business. *Flintlock Constr. Serv., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013) (citing 28 U.S.C. § 1332(c)(1)); *see also Bel-Bel Int'l Corp. v. Cmty. Bank of Homestead*, 162 F.3d 1101, 1106-07 (11th Cir. 1998) (applying the same rule to a corporation incorporated in a foreign country).  Without the principal place of business of this entity the Court cannot determine the citizenship of ACS, and in turn the citizenship of Plaintiff.

Similarly, the information indicates that one of the limited partners of ACS is IPM - Personal Pension Trustees ("IPM")[1], a British Trust. This information is insufficient because it does not include the identities and citizenships of IPM's beneficiaries. *See Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1339 (11th Cir. 2002) (diversity jurisdiction by or against a business trust depends on the citizenship of all the trust's members) (overruled on other grounds as recognized in *Instituto De Prevision Militar v. Merrill Lynch*, 546 F.3d 1340, 1348 (11th Cir. 2008)).[2]

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court **DISMISS** the complaint for lack of subject-matter jurisdiction and allow Plaintiff to file an amended complaint setting forth the necessary jurisdictional allegations within a time specified by the Court following its ruling on this Report and Recommendation.

---

[1] The Certificate refers to this entity as IPM Personal Pension Trustee while the Disclosure refers to the entity as IPM - Personal Pension Trustees.

[2] Rather than identifying IPM's beneficiaries, Plaintiff identifies its trustee. Even after being instructed to brief the issue, *see* Doc. No. 9 at 3, Plaintiff has not indicated why this information is pertinent. I note that based on the United States Supreme Court's decision in *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458 (1980), there is a narrow exception to the general rule that it is the citizenship of the trust's beneficiaries, and not the citizenship of its trustee, that matters for diversity purposes. *See Riley*, 292 F.3d at 1339-40; *see also Arthur v. JP Morgan Chase Bank, NA*, 569 F. App'x 669, 674 n.5 (11th Cir. 2014) (unpublished opinion cited as persuasive authority). This exception applies when the trustee is named in the complaint and is the real party to the controversy. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 192-93 (1990) ("*Navarro* had nothing to do with the citizenship of the 'trust,' since it was a suit by the trustees in their own names."); *accord Riley*, 292 F.3d at 1339-40; *Landstar Global Logistics, Inc. v. Total Transp. Serv., LLC*, No. 3:08-cv-1212-J-32-JRK, 2009 U.S. Dist. LEXIS 36769, *8-9 (M.D. Fla. Apr. 14, 2009).

I **FURTHER RECOMMEND** that the Court advise Plaintiff that failure to file an amended complaint within the time permitted by the Court will result in dismissal of the case without further notice.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 23, 2015.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy